**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**Debtor(s) Name CONNIE STEPHENS**               **Case No. 10-16288**

**Debtor(s) Name** _____

**CHAPTER 13 PLAN (Form dated September, 2009)**

**Debtor(s) *IS/ARE* eligible for discharge under Section 1328(f).**

**1. MEDIAN INCOME/PLAN PAYMENT/PAYROLL DEDUCTION**

**A. MEDIAN INCOME**
**CHOOSE ONE:(X)**

**ABOVE MEDIAN INCOME** ____

Currently monthly income (CMI) minus means test expenses (IRS amounts) = Disposable income (D/I)

D/I (line 59 of the means test) **$000** TIMES 60 = **$0000.**

**OR**

**BELOW MEDIAN INCOME   X**


**B. PLAN PAYMENT**
The Debtor shall pay to the Trustee all projected disposable income in the amount of **$196.00** each month for approximately **60** months, but not to exceed five (5) years.

Unless the allowed unsecured claims are paid at 100%, the total plan payments shall not be less than the sum of 36 months of confirmed monthly plan payments.

This provision does not prohibit the Debtor from repaying the plan before 36 or 60 months of plan payments.

If case is determined to be under 36 months, the Trustee will serve a notice upon Debtor and counsel and increase the percentage accordingly.

**C. PERCENTAGE: UNSECURED CLAIM PERCENTAGE AND/OR POT AMOUNT CHOOSE ONE: (X)**

X   This is a percentage plan.  The percentage is **100%**.

The liquidation percentage for this plan is **0%** and Trustee will pay this amount at a minimum or the disposable income amount, whichever is greater.

Liquidation percentage per 11 U.S.C. section 1325 (a) (4)
(Equity) **$0000** divided by (unsecured debt) **$6,000.00** equals (Liquidation plan percentage) **0%**.

**Pot plan analysis:**
Trustee will pay the creditors the pot plan amount of $_____.
Anticipated pot plan percentage is ____% (See LBR 3015-1(b) (2))

Case will pay $_____ per month for approximately _____ months which equals $_____. Unsecured creditors will receive a minimum of ___% pursuant to the liquidation analysis.

Trustee is authorized to increase this pot amount, if necessary, in order to pay all claims as filed or meet the liquidation analysis.

The Pot Plan Percentage will be set by Trustee at the time of the Notice of Intention to Pay Claims and may be adjusted as necessary.

**D. PAYROLL DEDUCTION**
The first payment is due 30 days after the date of the filing of the plan or the order for relief whichever is earlier, unless the court orders otherwise.  11 U.S.C. section 1326 (a) (1).

The employer shall make deductions from employee's wages and send deductions to the Chapter 13 Trustee.
Employer is: **Good Sam. 375 Dixmyth, Cincinnati, Ohio 45219**

Until the payroll order begins debtor(s) MUST make payments be certified check or money order to:

Chapter 13 Trustee
P.O. Box 290
Memphis, TN 38101-0290

Debtor's full name, case number and address must be on all certified checks or money orders.

If Debtor is employed, Debtor's Counsel has uploaded an Order for Payroll with the filing of this Chapter 13.  Debtor(s) **MUST VERIFY** with their payroll that funds have actually been sent.

## 2. EFFECTIVE DATE OF PLAN and VESTING OF PROPERTY OF THE ESTATE

The effective date of the Plan shall be the date of confirmation of the Plan.

Title to the Debtor's property shall revest in the Debtor upon confirmation of the Plan; provided, However, Debtor may not sell any property, real or personal, except upon application to the Trustee or Motion to the Court as specified in Local Bankruptcy Rule 6004-1.

## 3. FILING OF PROOF OF CLAIM/ALLOWANCE AND PAYMENT OF CLAIMS PRIORITY PAYMENTS

Payment shall not be made on any claim unless a proof of claim is filed with the Clerk of the Bankruptcy Court, or the Court issues an order.  See Fed. R. Bankr. P. 3002(C).

The Trustee is authorized within her discretion to calculate the amount and timing of distributions as is administratively efficient.

All priority creditors under 11 U.S.C. Section 507 shall be paid in full in deferred cash payments.

## 4. ATTORNEY FEES:

The Trustee shall pay Attorney fees pursuant to the filed application for fees and Order of the Court. Counsel will be paid a lump sum payment of all funds held by the Trustee at confirmation minus any adequate protection payments, mortgage conduit payments, lease payments, or Trustee fees, and then **$200.00** every month (if available, but if not available, such lesser amount that is available) until the balance of attorney fees are paid.

After payment of attorney fees is completed, the additional funds will flow to secured and priority creditors.

If monthly secured and priority payments exceed plan payment, attorney fees will be reduced.

## 5. ADEQUATE PROTECTION PLAN DISBURSEMENTS

Debtor shall pay adequate protection payments and/or lease payments specified in 11 U.S.C. section 1326(a) (1) (B) and (C) and as scheduled in the plan to the Chapter 13 Trustee.  If the case is dismissed or converted, the Chapter 13 Trustee shall pay these adequate payments to the creditor.

**The Trustee shall make these adequate protection disbursements with the first payment after confirmation.  The creditor must file a proof of claim.  Trustee suggests 1.5% of retail.**

| Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|
| 1. | | |

|    |    |    |
|----|----|----|
| 2. |    |    |
| 3. |    |    |

To the extent that this paragraph duplicates paragraphs 7 & 8, monthly payments proposed for secured claims in paragraphs 7 & 8 supplant these monthly adequate protection payments.

or optional paragraph:
If the Chapter 13 case is not confirmed by the 120th day after the filing of the petition, the Trustee shall pay the reserved payments to the creditors as listed in this paragraph 5. The Trustee is entitled to receive her statutory percentage fee on any pre-confirmation disbursement payments at the time of each payment to creditors and other claimants.

### 6. SECURED CLAIMS 1325 (a) (5) (B) (ii)

Secured creditors shall retain their security interest in the collateral until payment of the entire underlying debt or entry of discharge, whichever occurs first. When these conditions have been fulfilled, creditor must transfer the title to any collateral pursuant to non-Bankruptcy Law within (30) days.

Holders of secured claims shall be paid provided that such priorities may be amended by the Court at or after the confirmation hearing, and that holders of secured claims will be given priority as set forth herein over holders of unsecured claims.

### 7. PMSI/Automobiles: 910 days

Debtor incurred the following debt on an automobile within 910 days of filing or Debtor incurred this debt for a PMSI within one year of filing.

| **Creditor** | **Monthly Payment** | **Proposed Amount of Allowed Secured Claim** |
|---|---|---|
| **1.** |   | **(FULL)** |
| **2.** |   |   |
| **3.** |   |   |
|   |   |   |

### 8. VALUATION: (Cramdown)

| 11 U.S.C. Section 506 | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|
| **1.** | | |
| **2.** | | |
| **3.** | | |

The amount of any secured creditor's allowed secured claim shall be that amount set forth in the Plan as the "Proposed Amount of Allowed Secured Claim" unless the Court, prior to confirmation, orders otherwise.

Fees, costs or charges on the proof of claim must be reasonable as required by 11 U.S.C. Section 506(b).

If sufficient funds are not available to make full monthly payment on all claims listed above, the available funds will be disbursed by the Trustee according to the funds she has on hand, and approximate the amounts listed above as closely as possible.

**9. DOMESTIC SUPPORT OBLIGATION: 101 (14A); 1325 (a) (8); 1302 (d) (1); 1302(b)(6);**

**A. CHOOSE ONE-**
    X     This section is not applicable.

**OR**

_____ Debtor, is obligated to pay a domestic support obligation.

**B.** _____ Debtor will make this payment from a current payroll deduction going directly to this creditor and is current on this obligation.

**OR**

_____ **The Trustee shall pay the arrears in full. There is no current monthly scheduled payment amount. There are two separate debts scheduled on Schedule E:**

The name, address and phone number of the holder of the domestic support obligation is also listed separately on Schedule E and has been identified as such so that the Trustee may send a separate notice as required.

**Name/Recipient:**

**CSEA: ODJFS, ATTN.: David Fleischman, 50 West Towne Street, 5th Floor, Col., Ohio 43215**

## 10. PLAN DISBURSEMENTS- DEFAULT PAYMENTS "INSIDE THE PLAN"

Debtor proposes to cure defaults to the following creditors by payment of the following monthly payments by the Trustee:

| **Creditor** | **Monthly Payment** | **Amount of Default** | **Interest Paid** |
|---|---|---|---|
| **1.** | | | N |
| **2.** | | | N |
| **3.** | | | N |
| **4.** | | | N |

Arrearage claim
Mortgage arrearage claims involving mortgages that were entered into after October 22, 1994 shall not be paid interest.

Unless modifications of creditors' rights is specified in the Plan, the Debtor's statement of the arrearage under this paragraph shall be considered estimates, and the Trustee shall schedule the claims in the amounts set forth in the creditor's respective Proofs of Claim (subject to Debtor's objections thereto).

## 11. MORTGAGE CLAIMS
**Regular mortgage payment**
If the Trustee is paying the "regular" mortgage payment, any proof of claim must specify the arrearage amount and the principal amount. Also, the holder of the mortgage shall file an amended proof of claim for any changes in the required periodic mortgage payments during the life of the Plan; and the Plan will be according to the amended proof of claim.

| **Creditor** | **Monthly Payment** | **Payment Begin Date** |
|---|---|---|
| | | |
| | | |

Interest should not be paid on this monthly payment.

The Trustee may increase the Plan payment for conduit cases if served with a filed Notice of Payment Change by the mortgagee.

**12. CREDITORS PAID DIRECTLY AND NOT BY THE CHAPTER 13 TRUSTEE**

Creditors who will be paid directly by the Debtor(s) and not through the Trustee are:

| Creditor | Monthly Payment | Payment Begin Date |
|---|---|---|
| **1. Citimortgage** | **$792.00** | **10-2010** |
| **2.** | | |
| **3.** | | |
| **4.** | | |

Debtor(s) reserve the right to amend and pay these creditors through the Plan by filing a Motion to Modify.

**13. EXECUTORY CONTRACTS IF APPLICABLE**
See Statement of Executory Contracts, Schedule G.

| Creditor | Monthly Payment | Payment Begin Date | Assume/Reject |
|---|---|---|---|
| **1.** | | | |
| | | | |

**14. POST-PETITION CLAIMS and/or ADDITIONAL CREDITORS**
Post petition claims which are allowed and upon which creditors file a claim shall be paid the same percentage as pre petition claims, which shall represent payment in full to the creditor, unless the Court orders otherwise. Debtors may file a motion to remove or add any creditor to the Plan.

**15. INTEREST RATE**
Secured claims shall be paid interest at the annual percentage rate listed herein based upon a declining monthly balance on the amount of the allowed secured claim in an amount of **5.00%**. This interest shall be paid as a part of payments shown as the monthly payment. (See In re Till)

**16. PERSONAL INJURY CLAIMS, WORKERS COMPENSATION CLAIMS, SOCIAL SECURITY CLAIMS AND MISCELLANEOUS CLAIMS OF THE DEBTOR(S)**
The Debtor shall keep the Trustee informed as to any change in status of any claims for personal injury, workers compensation, social security or any other claim to which Debtor may be entitled. Before the claim can be settled and distributed, the Debtor must comply with all requirements for filing applications and motions for settlement with the Court as required by the Bankruptcy Code and Local Rules. These funds shall be treated as additional plan payments or as the Court so otherwise orders. The Debtor's case will not be complete until the claim has been settled and shall remain open for administration purposes until the claims have been paid

into the plan or the Court so otherwise orders.

## 17.  TAX RETURNS AND REFUNDS

Debtor must file tax returns every year that they are in the Chapter 13 plan unless exempt by IRS statutes.  Any refund above $800 for a single tax return and $1600 for a joint tax return must be turned over to the Chapter 13 Trustee unless otherwise ordered by the Court.  Debtor may file a motion to retain if the funds are necessary for their maintenance and support.

## 18.  TRANSFERRED CLAIMS

If any creditor has transferred its claim by assignment or otherwise, the underlying debt shall be discharged as to the transferor and the transferee upon the completion of the Plan through discharge.  See Fed. R. Bankr. P. 3001 (e) (2).

## 19.  SALE OF REAL ESTATE and/or APPLICATION TO INCUR DEBT FOR REFINANCING

Sale or refinancing of real estate must occur per the Local Bankruptcy Rules.  The Trustee must be served with a copy of the closing statement one day before the closing.

## 20.  CASUALTY LOSS INSURANCE PROCEEDS

All insurance proceeds must be turned over to the Trustee unless the Debtor's Counsel files a motion to retain proceeds.

**Substitution of Collateral**

If a motor vehicle is substantially damages while there is still an unpaid claim which is secured by the vehicle, the Debtor shall have the option of using the insurance proceeds to either repair the vehicle, pay off the balance of the secured claims if the secured creditor is a named loss payee on the policy, or **MOVE** to substitute collateral by purchasing a replacement vehicle.

If a replacement vehicle is purchased, the vehicle shall have a value not less than the balance of the unpaid secured claim, the creditor's lien will be transferred to the replacement vehicle and the Trustee will continue to pay the secured claim.

## 21.  STUDENT LOANS

**CHOOSE ONE**
   X    This section is not applicable.

**OR**

_____ Student loans will be paid a dividend as listed below. (Note: You may only pay interest to an unsecured creditor if all claims are paid in full.  11 U.S.C. Section 1322 (b) (10)

| Creditor | Percentage Paid | Contractual Rate of Interest if case is 100% |
|---|---|---|
| | | |

|  |  | NA |
|---|---|---|
|  |  |  |

## 22.  SURRENDER OF COLLATERAL

If the Plan provides for surrender of collateral to a secured creditor, the Trustee will not schedule the affected creditor's secured claim for payment until the claim is amended to set forth an unsecured deficiency after disposition of the collateral.

Upon confirmation of the Plan, any stay created by the filing of the petition pursuant to 11 U.S.C. Section 362 shall be deemed modified to allow in rem disposition of the collateral to effect the surrender.

Affected creditors are not barred by this provision from seeking pre-confirmation modification of the stay.

## 23.  DISCHARGE 11 U.S.C. 1328
**CHOOSE ONE**
        **X**        Debtor shall receive a discharge when all applicable requirements of 11 U.S.C. Section 1328 have been fulfilled.

**OR**

_____ Debtor SHALL NOT receive a discharge upon completion of this case. (No discharge if Debtor have received a discharge in any case filed under Chapter 7 within four (4) year period preceding the date of the order for relief under this chapter and no discharge if Debtor has received a discharge in any case filed under Chapter 13 within two (2) year period preceding the date of the order for relief under this chapter - 11 U.S.C. Section 1328.

Debtor filed this case on _____. Debtor has previously filed a Chapter 7/13 on _____.
(Case no.     )

Unless otherwise provided herein, the Debtor will not be discharged from debts under 11 U.S.C. section 1322 (b) (5).


## 24.  AUTOMATIC STAY: Indicate if motion has been filed.
**CHOOSE ONE:**
         **X**
Stay is in effect as to all property of the estate unless this plan indicates otherwise.
_____
11 U.S.C. Section 362 ( c) (4)(B).
PRIOR CASES (more than two) PENDING WITHIN ONE YEAR
_____
11 U.S.C. Section 362 ( c) (3).

PRIOR CASE (one) PENDING WITHIN ONE YEAR
_____

11 U.S.C. Section 362 (b) (20) in rem relief
TWO YEARS after the date of the entry of order

### 25.   CO-SIGNERS

Creditors who have co-signers, co-makers, or guarantors, from whom they are enjoined from collection under 11 U.S.C. Section 1301, and which co-signers, co-makers, or guarantors are not also Chapter 13 debtors may be separately classified. Such creditors may file their claims, including all of the contractual interest that is due or which will become due during the Plan.

| Creditor | Percentage Paid | Interest Paid (Y/N) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

See Schedule H.  Payment of the amount specified in the proof of claim shall constitute full payment of the debt as to the Debtor and any co-signer, co-maker or guarantor.

### 26. DEFAULT AND WAIVER

Any default of the Debtor that is not proposed to be cured in the Plan herein is deemed waived by the confirmation of the plan.

### 27. MODIFICATION

After opportunity for hearing and upon such notice as the Court may designate, if it appears that the circumstances of the Debtor so require, the Court may, at the confirmation hearing or during the operation of the Plan, increase or decrease the amount of payments to be paid by the Debtor or to be paid as a priority payment to any creditor, or may extend or reduce the time for such payments.

After confirmation, Debtor must file a motion to modify and attach an Amended Plan.

### 28. NOTICES

Notice to all parties shall be made by regular mail or electronically.

### 29.   CONFIRMATION

The confirmation of the Plan shall constitute a finding by the Court that there is good cause to extend the Plan beyond the applicable commitment period under 11 U.S.C.  Section 1325 (b) (4), if the Plan calls for an extension beyond that period, and that the Plan was filed by the Debtor  in

good faith and it is the Debtors best effort.  All conditions of 11 U.S.C. Section 521 have been fulfilled or the Debtor have requested an order from the Court.

**30.  ADDITIONAL PROVISIONS PERTAINING TO THE DEBTOR(S):**
**A. The real estate taxes will be paid in full.**

                    Respectfully Submitted,

                    /s/Eric A. Steiden
                    Eric A. Steiden, Attorney for Debtor
                    (#0063987)
                    830 Main Street
                    Suite 401
                    Cincinnati, Ohio 45202
                    (513) 684-9900
                    (513) 684-9910 (facsimile)
                    steiden@fuse.net

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR(S)

I declare under penalty of perjury that the information in this Plan is true and correct.

                    /s/Connie Stephens
                    Connie Stephens, Debtor

Date **8-26-2010**                    /s/_____
                                  Co-Debtor

### Certification of Service

    I hereby certify that a true and accurate copy of the foregoing has been served via ECF or regular U.S. Mail to the Chapter 13 Trustee, 600 Vine Street, Suite 2200, Cincinnati, Ohio 45202, the Office of the U.S. Trustee, 36 East Seventh Street, Suite 2050, Cincinnati, Ohio 45202, and all creditors on the attached creditor matrix, on this, the 14th day of September, 2010.

                    **/s/ Eric A. Steiden**

```
Capital One
PO Box 85015
Richmond, VA 23285-5015

Capital One
PO Box 25131
Richmond, VA 23276-0001

Citimortgage
PO Box 8003
South Hackensack, NJ 07606-8003

Citimortgage
PO Box 183040
Columbus, OH 43218

Direct Merchants
Cardmember Services
PO Box 21550
Tulsa, OK 74121-1550

Direct Merchants Bank
Payment Center
PO Box 105278
Atlanta, GA 30348-5278

Hamilton County Treasurer
138 East Court Street
Room 402
Cincinnati, OH 45202

Hamilton County Treasurer
PO Box 5320
Cincinnati, OH 45201-5320
```